# PRACTICE REPORTS.

## SUPREME COURT.

WILLIAM M. KINGSLAND agt. STEPHEN B. M. STOKES and others.

*Action against executor — Complaint need not aver his appointment as such — Demurrer to complaint.*

Where a complaint, in an action to foreclose a mortgage executed by the defendant, as executor, alleges that he executed it as such executor:

*Held*, that the complaint was sufficient, and that it was unnecessary to allege the defendant's *appointment* as executor; he is presumed to be such as he has described himself.

*Special Term, October*, 1879.

*S. B. M. Stokes*, for demurrer.

*Frederick de P. Foster*, opposed.

VAN VORST, *J.* — This action is brought to foreclose a mortgage executed by the defendant Stephen B. M. Stokes, as executor of, and trustee under, the will of Elizabeth Borst, deceased, to the plaintiff. The defendant Stokes demurs to the complaint on the ground, as he claims, that it does not state a cause of action.

In support of the demurrer it is urged that the several facts tending to show the defendant to be an executor, including his appointment as such, and the name of the court from whence letters testamentary issued, and the county in which the same was located, are all material and traversable and should be alleged in the complaint and stated in an issuable form.

The complaint alleges that the defendant, as executor, &c., executed the mortgage. That is a sufficient statement.

*Holliday* agt. *Fletcher* (2 *Ld. Raymond*, 1510) is an express authority for the statement that suing one as administrator "did, of necessity, imply that administration was committed" to him. In a late case (*Skelton* agt. *Scott*, 18 *Hun*, 375) it is held that, in an action to foreclose a mortgage given by an executor, it is unnecessary to allege in the complaint his appointment as such.

The rule seems to be different where one sues as executor, in which case he must aver his appointment and title as such executor (*Moak's Van Santvoord's Pleadings* [*3d ed.*], 226). The cases cited by defendant's counsel are of that kind. But I should conclude that in declaring against one upon an instrument in which he was described as executor, and which he executed as such, for the purpose of pleading, he may be presumed to be such an one as he has described himself.

Had the obligation, for the enforcement of which the action is brought, been one entered into by the defendant's testator, the facts relative to the appointment of the executor and the issuing to him of letters testamentary would have been necessary.

The demurrer is not well taken and there must be judgment for the plaintiff thereon, with costs.